LAND OFFICE PROCEDURES FOR ERNEST MONEY
Earnest money received by the Land Office for oil and gas lease bids must be deposited in accordance with 62 O.S. 7.1 [62-7.1] (1970), et seq. Section 62 O.S. 7.2 [62-7.2] allows for said funds to be deposited in a special trust account, subject to approval of the specified officers. Once deposited in a special trust account, said funds may be refunded to unsuccessful bidders. The Attorney General has considered your request for an opinion on the following questions raised in your letter of October 8, 1971: "1. Must earnest money received by the Land Office for oil and gas lease bids be deposited in accordance with 62 O.S. 7.1 [62-7.1] (1970)? "2. If Question 1 is answered affirmatively, may refunds be made to the unsuccessful bidders from said Official Depository Clearing Account?" Taking the questions in order, Title 62 O.S. 7.1 [62-7.1] (1970), states in part: ". . . It shall be the duty of each state agency to deposit in the Official Depository Clearing Account all monies of every kind received or collected by virtue or under cover of office where it is impractical at the time of making deposit desegregate such money as to the funds to which it belongs. In each case where monies may be segregated, such monies shall be deposited directly to the credit of the official depository account or the fund and the State Treasury to which the same belongs; . . ." This question has been raised directly or indirectly concerning other departments, boards, commissions, and agencies of the State of Oklahoma. In Attorney General Opinion addressed to John M. Rogers, dated May 31, 1962, the State Board of Barber Examiners were not required to comply with Title 62 O.S. 7.1 [62-7.1] (1961), for the reason that the Barber Examiners were handling their funds under another statute, Title 59 O.S. 65 [59-65] (1961). The Opinion held that since Title 59 O.S. 65 [59-65] (1961), was passed after Title 62 O.S. 7.1 [62-7.1] (1961), it controlled. In Attorney General Opinion addressed to Sister Rosina M. Higgs, Oklahoma Board of Nurse Registration and Nursing Education, dated March 6, 1962, the Opinion held that the Nursing Board did not have to comply with Title 62 O.S. 7.1 [62-7.1] for the reason that Title 59 O.S. 567.4 [59-567.4] (1961), was passed subsequent to Title 62 O.S. 7.1 [62-7.1], and controlled. It could be reasonably implied from these two opinions that in the absence of a particular statute directing a deposit of funds, Title 62 O.S. 7.1 [62-7.1], would be controlling. In an Attorney General Opinion addressed to John M. Rogers, dated April 19, 1960, the Opinion held that Title 62 O.S. 7.1 [62-7.1] was mandatory and the funds must be deposited with the State Treasurer. This Statute would be controlling in the absence of any particular Statute similar to those mentioned in the two Opinions cited above. In Attorney General Opinion 65-251, the question was asked if the University of Oklahoma Medical Center could maintain a petty cash fund. The Opinion held that Title 62 O.S. 7.1 [62-7.1], was mandatory and that all funds received by the Medical Center must be deposited in compliance with Title 62 O.S. 7.1 [62-7.1]. The Statute appears to be fairly clear in what is required concerning monies received by the various state agencies, departments, commissions, and boards. It says that these monies shall be deposited in the Official Depository Clearing Account where it is impractical at the time of making the deposit to segregate such money to the appropriate fund or account. Where the money can be segregated, it shall be deposited directly to the credit of the particular account or fund in the State Treasury to which it belongs. Thus, it should either be deposited with the Official Depository Clearing Account if it cannot be readily segregated, or deposited with the appropriate fund or account if it can be segregated. If it can be segregated, it could be deposited in a special trust account and still be in compliance with Section 7.1. This is authorized by Title 62 O.S. 7.2 [62-7.2] (1961), which states in part: "The Budget Director with the approval of the State Examiner and Inspector and the State Treasurer shall authorize state agencies to maintain official depository accounts in the State Treasury for funds of a trust or agency relationship . . . which shall be dispersed on vouchers issued by the State agency concerned to accomplish the purposes for which the funds were intended; . . ." This particular statute authorizes the creation of trust accounts with the State Treasurer by the various state agencies subject to the approval of the above stated officers. In the case of Brunson v. Commissioners of Land Office, 145 Okl. 219, 292 P. 562 (1930), the Court held in the first Syllabus: ". . . held, that the Commissioners of the Land Office had authority to enter into said contract and that the monies deposited under said agreement constitute a trust deposit under Section 8613, C.O.S. 1921, and can be withdrawn by the Commission from an official depository and refund thereof " It is, therefore, the opinion of the Attorney General that your first question be answered as follows: Monies received by the Commissioner of the Land Office as earnest money for bids on oil and gas leases are subject to Title 62 O.S. 7.1 [62-7.1] (1962). If the money cannot be segregated, such monies are to be deposited in the Official Depository Clearing Account. If the monies can be segregated, such monies are to be deposited in the appropriate account and could be deposited in a special trust account under Title 62 O.S. 7.2 [62-7.2] (1961), subject to the approval of the specified officers. With reference to your second question, the Commissioners of the Land Office may refund the earnest monies to those bidders who were not successful in obtaining the oil and gas leases on which bids were made. However, this authority is qualified in that the refund cannot be made from the Official Depository Clearing Account except in situations involving erroneous or excessive collections. Before a refund would be allowed, the monies would have to be paid directly to the special trust account, or to the special trust account from the Official Depository Clearing Account, and then refunded to the person entitled to the refund. As stated above, Title 62 O.S. 7.2 [62-7.2] (1961), authorizes special trust accounts to be set up by the various state agencies subject to the approval of the officers designated in the statutes. In addition, the case of Brunson v. Commissioners of Land Office, supra, held that the Commissioners of the Land Office could hold monies in trust to be refunded at a later date. It is, therefore, the opinion of the Attorney General that your second question be answered conditionally in that while refunds may not be made to the unsuccessful bidders directly from said Official Depository Clearing Accounts, refunds may be made from a Special Account created for the purpose of holding the earnest money in trust after said monies have been deposited in the special trust account. (Todd Markum)